# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:03CR501-DJS |
| | ) | |
| LARRY FLENOID, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Larry Flenoid, having been unsuccessful in the direct appeal of his conviction and sentence in this case, has filed a second letter in which he requests the appointment of counsel to prepare and file on his behalf a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. The first letter, addressed to the undersigned, was construed as a motion to appoint counsel and was denied as prematurely filed prior to the initiation of a §2255 proceeding. The new letter is addressed to the Clerk of Court, but has been correctly filed in this action and directed to the Court, as the Clerk has no ability or authority to appoint counsel.

As previously explained, defendant has no right to counsel in the civil postconviction matter initiated by a §2255 motion, and the Court is unaware of any authority for the appointment of counsel in a non-capital case prior to defendant's

filing of a §2255 motion to vacate. In the instant filing, defendant cites a number of authorities, which the Court has reviewed. The Court is well aware of its authority and discretion to appoint counsel to represent an indigent movant in a *pending* §2255 proceeding. Defendant's cited authorities merely support and stand for that proposition. None of defendant's citations supports a district court's authority to appoint counsel *prospectively*, however, as defendant seeks, that is, prior to the filing of a §2255 motion, for the purpose of the attorney's preparing and initiating the proceedings under §2255. Once a timely-filed §2255 motion is pending, the Court can consider the appointment of counsel to represent defendant (then movant), although it notes that such discretionary appointments are relatively rare.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's letter dated May 30, 2006 and received June 1, 2006 is construed as a motion to appoint counsel [Doc. #140] and is denied.

Dated this _____8th_____ day of June, 2006.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE