UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:03 CR 501 CDP |
| ) | |
| LARRY FLENOID, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This case is before me on defendant Larry Flenoid's *pro se* motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), wherein he also raises several challenges to his conviction and sentence.[1] For the following reasons, I will deny the motion. I will deny his motion for appointment of counsel as moot.

In January 2004, following a three-day trial, a jury convicted Flenoid of one count of escape from custody, in violation of 18 U.S.C. § 751(a); and one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Because Flenoid used the firearm in the commission of a homicide, the cross-reference guideline for first degree murder was applied, which resulted in a base offense level of 43 under the Sentencing Guidelines. With a total offense level of 43

---

[1] Flenoid seeks leave to file his 34-page motion, which exceeds the 15-page limit imposed by the Local Rules of this Court. I will grant him leave to file the overlength motion.

and a criminal history category of VI, the guideline imprisonment range for the § 924 offense was life.  On April 9, 2004, the Honorable Donald J. Stohr sentenced Flenoid to life imprisonment in accordance with the guidelines.  The Eighth Circuit affirmed Flenoid's conviction and sentence.  *United States v. Flenoid*, 415 F.3d 974 (8th Cir. 2005).  Since his conviction, Flenoid has filed numerous post-conviction motions and appeals, all of which have been denied.

Flenoid is currently incarcerated at Terre Haute USP in Indiana.  In his motion, he asks that I reduce his sentence to time served, arguing that the following circumstances warrant compassionate release under the First Step Act:  1) a change in the law permits a reduction of his unusually long sentence; 2) his age and health conditions; 3) the sentencing court applied the incorrect guidelines range; and 4) ineffective assistance of counsel at trial and at sentencing.  The defendant bears the burden to establish that he is eligible for a sentence reduction.  *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c).  Under § 3582(c)(1)(A), compassionate release may be granted if the court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  No such extraordinary and compelling reasons exist here.

## Discussion

Flenoid is 74 years old and claims that he has "early stages" of "age debilitating" ailments, including diabetes, high cholesterol, and two hospitalizations for blood clots in his lungs. Section 1B1.13(b)(1) of the Sentencing Guidelines provides that extraordinary and compelling reasons exist regarding a defendant's medical conditions when A) the defendant is suffering from a terminal illness; B) the defendant's ability to provide self-care within the environment of a correctional facility is substantially diminished because of the following from which he is not expected to recover – i) a serious physical or medical condition, ii) a serious functional or cognitive impairment, or iii) deteriorating physical or mental health because of the aging process; C) the defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which he is at risk or serious deterioration in health or death; or D) the defendant presents circumstances showing increased risk of suffering severe medical complications or death as a result of exposure to an ongoing outbreak of infectious disease or an ongoing declared public health emergency. Here, Flenoid presents no documentation or medical evidence verifying that his claimed medical conditions meet any of the criteria of § 1B.1.13(b)(1). He has therefore failed to meet his burden of establishing that he suffers from a qualifying medical condition that would constitute an extraordinary and compelling reason to reduce his sentence.

Next, Flenoid cites *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to argue that a change in the law warrants a reduction of his unusually long sentence. Under U.S.S.G. § 1.B1.13(b)(6),

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

A life sentence is considered an unusually long sentence, *see United States v. Coleman*, No. 4:01-CR-296 RLW, 2024 WL 3372847, at *8 (E.D. Mo. July 8, 2024), and there is no dispute that Flenoid has served more than 10 years of that sentence. But neither *Booker* nor *Apprendi* cause me to consider reducing Flenoid's sentence in the circumstances of this case.

The sentencing guidelines were mandatory when Flenoid was sentenced in 2004, but now, after *Booker*, they are applied in an advisory manner. Flenoid therefore contends that he would not be subject to a guidelines-mandated term of life imprisonment if he were sentenced today. Flenoid raised a similar claim on direct appeal, which the Eighth Circuit rejected, stating, "We find nothing in the comments or any part of the record suggesting a reasonable probability that the district court would have imposed a more lenient sentence under the advisory guideline scheme

- 4 -

announced in *Booker*." *Flenoid*, 415 F.3d at 977. Flenoid provides no argument or evidence in his motion here to demonstrate otherwise. Moreover, I am not in a position to review the decision of the sentencing judge or grant the extraordinary remedy of compassionate release based on nothing more than speculation about whether the judge would have departed from the guidelines if he were permitted at that time to do so. *See United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *6 (W.D. Tenn. June 8, 2020). "Section 3582(c)(1) was not enacted to provide courts with a mechanism to second-guess sentencing decisions made long ago." *United States v. Logan*, 532 F. Supp. 3d 725, 731 (D. Minn. 2021). I therefore reject Flenoid's renewed claim that he is entitled to relief under *Booker*.

Flenoid invokes *Apprendi* to argue that he is entitled to a reduced sentence because the cross-reference finding of first-degree murder that increased his § 924(c) penalty beyond the statutory maximum was made by the sentencing court and not a jury. *See Apprendi*, 530 U.S. at 490. The First Step Act, however, was enacted "to give courts a means to shorten sentences that had been rendered unjust by *post-sentencing developments*," not facts or law that existed at the time the defendant was sentenced. *Logan*, 532 F. Supp. 3d at 731. *Apprendi* does not reflect a post-sentencing change in the law for Flenoid given that the Supreme Court rendered that opinion in 2000 and Flenoid was sentenced in 2004. I therefore do not consider it in determining Flenoid's request for compassionate release under the First Step Act.

- 5 -

To the extent Flenoid argues that *Rehaif v. United States*, 588 U.S. 225 (2019), likewise constitutes a change in law warranting a sentence reduction, his argument is actually one that challenges the validity of his original conviction and is improperly brought in a motion for compassionate release.[2] *See United States v. Maxie*, No. 5:14-cr-4-BJB-2, 2024 WL 2046048, at *2 (W.D. Ky. May 8, 2024); *United States v. Jones*, No. 5:13-cr-00025, 2021 WL 3288355, at *1 n.2 (W.D. Va. Aug. 2, 2021). *See also United States v. Bickle*, No. 2:10-cr-00565-GMN-PAL-1, 2023 WL 4421375, at *3 n.2 (D. Nev. July 6, 2023). The recourse for such claims is to pursue a motion for post-conviction relief under 28 U.S.C. § 2255, not incorporation of the claims in a motion for compassionate release. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). I will therefore not consider Flenoid's *Rehaif* claim here.

For the same reason, I will not consider Flenoid's remaining claims as they all challenge either the validity of his conviction based on the assistance of counsel or the length of his sentence based on claimed errors in the sentencing court's application of the Sentencing Guidelines. Such claims are more properly pursued in a § 2255 motion and not a motion for compassionate release. *See Crandall*, 25 F.4th

---

[2] *Rehaif* held that the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the category of persons barred from possessing a firearm." 588 U.S. at 237. Unlike most people seeking to benefit from this case, Flenoid does not argue that he did not know he was a felon and prohibited; instead he argues that the government did not prove he knowingly possessed the firearm. The government's burden to prove knowing possession of a firearm long preceded *Rehaif*, and this was not a change in the law.

at 586. Otherwise, "prisoners would, in effect, 'impermissibly circumvent' the procedural limitations Congress designed for § 2255 motions." *United States v. James*, No. 13-20669, 2021 WL 2012783, at *3 (E.D. Mich. May 20, 2021) (quoting *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014)). "Failure to construe such requests for compassionate release as successive § 2255 motions would risk making statutory limitations on successive § 2255 irrelevant and unnecessary." *Id.* See also *United States v. Callahan*, 488 F. Supp. 3d 10, 16 (E.D.N.Y. 2020) ("the newly-expanded right to seek compassionate release in extraordinary circumstances cannot be reduced to a vehicle for mere reconsideration of a sentence."), *vacated and remanded on other grounds sub nom. United States v. Manson*, No. 20-3401, 2021 WL 1330979 (2d Cir. Apr. 6, 2021).[3]  I will therefore not consider Flenoid's remaining claims that challenge the conviction itself or the legality of his sentence as they are not properly raised in this motion.

Finally, based on the evidence adduced at trial as summarized by the Eighth Circuit, *see Flenoid*, 415 F.3d at 975-76, I conclude that Flenoid remains a danger

---

[3] Flenoid filed his first § 2255 motion to vacate in 2007, which was denied. *See* Case No. 4:07CV08 RWS (E.D. Mo. June 18, 2009) (ECF 38, Memo. & Ord.). The Eighth Circuit denied a certificate of appealability in February 2010. *Id.* (E.D. Mo. Feb. 26, 2010) (ECF 58, Ord. of USCA). Since that time, Flenoid has attempted to file successive § 2255 motions in this district on several occasions, all of which were denied for his failure to obtain permission to file a successive motion. *See* Case Nos. 4:15CV1444 RWS, 4:15CV1689 RWS, 4:20CV488 CDP, 4:23CV264 CDP. In Case No. 4:23CV1000 MTS, in which Flenoid challenged his 1982 conviction and sentence, the Court listed additional post-conviction motions that Flenoid brought in *other* courts, all of which were unsuccessful. *See id.*, ECF 6, Memo. & Ord. at pp. 8-9.

and has failed to show extraordinary and compelling reasons justifying compassionate release. The seriousness of his crimes, his failure to accept responsibility for his criminal behavior, his extensive criminal history, and his demonstrated failure to comply with terms of supervision – including the commission of the instant crimes while under supervision, all lead me to believe that he would remain a danger if his sentence was reduced to time served. I will therefore deny Flenoid's motion for compassionate release.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Larry Flenoid's motion for leave to file overlength motion for compassionate release [161] is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Larry Flenoid's motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) [162] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Larry Flenoid's motion for the appointment of counsel [160] is **DENIED as moot.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2024.