UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:03 CR 501 CDP |
| | ) | |
| LARRY FLENOID, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Larry Flenoid asks that I reconsider my Memorandum and Order (ECF 165) denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). I will deny the motion to reconsider.

There is no explicit authority for a motion to reconsider in criminal cases. For such motions, courts apply the standard used in civil cases. *See United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016). In the Eighth Circuit, a motion for reconsideration serves the limited function of correcting manifest errors of law or fact, or for presenting newly discovered evidence. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013); *see also Luger*, 837 F.3d at 875. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly

erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

The arguments in defendant's motion to reconsider do not persuade me that my decision on the claims raised in his motion for compassionate release was legally or factually incorrect or that my reasoning was flawed. Nor do I find that extraordinary circumstances exist to warrant the relief he seeks. I will therefore deny defendant's motion to reconsider my denial of compassionate release.

To the extent defendant argues that I erred in failing to consider his "novel" argument that early release from his federal sentence is warranted so that he may begin the consecutive sentences imposed on his Missouri state convictions, such circumstance does not constitute an extraordinary and compelling reason to reduce his sentence to time served under 18 U.S.C. § 3582(c), as he requests.

Moreover, for the reasons set out in my previous Memorandum and Order, and upon consideration of the factors set forth in 18 U.S.C. § 3553(a), including the serious nature and circumstances of defendant's criminal offenses as summarized in *United States v. Flenoid*, 415 F.3d 974 (8th Cir. 2005), defendant's failure to accept responsibility for his criminal behavior, and his extensive criminal history, I continue to believe that defendant's continued service of his federal sentence is necessary to address the sentencing objectives of punishment, general

deterrence, and incapacitation, and that a sentence reduction is not warranted under 18 U.S.C. § 3582(c).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Larry Flenoid's motion to reconsider [167] is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's motions for leave to file untimely motion to reconsider [166], for an evidentiary hearing [168] and for the appointment of counsel [169] are **DENIED as moot.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2025.